1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT

12

FOR THE DISTRICT OF OREGON

13

BRYONNA L. THOMAS,                                 Civil No. 09-6208-AA

14                                                      OPINION AND ORDER

          Plaintiff,

15

16     vs.

17  MICHAEL J. ASTRUE,
    Commissioner of Social Security,

18          Defendant.

19  _____

    Kathryn Tassinari
20  Robert Baron
    Harder, Wells, Baron & Manning, P.C.
21  474 Willamette, Suite 200
    Eugene, Oregon 97401
22          Attorneys for plaintiff

23  Dwight Holton
    United States Attorney
24  District of Oregon
    Adrian L. Brown
25  Assistant United States Attorney
    1000 S.W. Third Avenue
26  Portland, Oregon 97204-2902

27  Franco L. Becia
    Special Assistant U.S. Attorney
28  Social Security Administration

    1    - OPINION AND ORDER

701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
          Attorneys for defendant

AIKEN, Chief Judge:

Claimant, Bryonna Thomas, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff protectively applied for Supplemental Security Income on October 15, 2004, alleging disability as of March 1, 2004. Tr. 65. Plaintiff's request was denied initially and upon reconsideration. Tr. 30-37. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) which was held on April 27, 2007. Tr. 733, 736. At that time, plaintiff amended her onset date to her date of filing. On June 21, 2007, the ALJ found plaintiff not disabled. Tr. 65. On May 21, 2009, the Appeals Council denied plaintiff's request for review. Tr. 7. Accordingly, the ALJ's decision became the agency's final decision.

## STATEMENT OF THE FACTS

At the time of the hearing, plaintiff was 35 years old. Tr. 738. Plaintiff has a GED. Id. Plaintiff has worked in daycare and as a companion and a community program aid. Tr. 783-84.

2    - OPINION AND ORDER

1

**STANDARD OF REVIEW**

2      This court must affirm the Secretary's decision if it is
3  based on proper legal standards and the findings are supported by
4  substantial evidence in the record.  Hammock v. Bowen, 879 F.2d
5  498, 501 (9th Cir. 1989).  Substantial evidence is "more than a
6  mere scintilla.  It means such relevant evidence as a reasonable
7  mind  might  accept  as  adequate  to  support  a  conclusion."
8  Richardson  v.  Perales, 402  U.S.  389,  401  (1971)  (quoting
9  Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
10  The  court  must  weigh  "both  the  evidence  that  supports  and
11  detracts from the Secretary's conclusion."  Martinez v. Heckler,
12  807 F.2d 771, 772 (9th Cir. 1986).

13      The  initial  burden  of  proof  rests  upon  the  claimant  to
14  establish disability.   Howard v. Heckler, 782 F.2d 1484, 1486
15  (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate
16  an "inability to engage in any substantial gainful activity by
17  reason  of  any  medically  determinable  physical  or  mental
18  impairment which can be expected . . . to last for a continuous
19  period  of  not  less  than  12  months.  .  .  ."   42  U.S.C.  §
20  423(d)(1)(A).

21      The  Secretary  has  established  a  five-step  sequential
22  process for determining whether a person is disabled.   Bowen v.
23  Yuckert, 482  U.S.  137,  140  (1987); 20  C.F.R.  §§  404.1520,
24  416.920.  First the Secretary determines whether a claimant is
25  engaged in "substantial gainful activity."  If so, the claimant
26  is  not  disabled.   Yuckert, 482  U.S.  at  140;  20  C.F.R.  §§
27  404.1520(b), 416.920(b).

28      In step two the Secretary determines whether the claimant

3    - OPINION AND ORDER

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

1. The ALJ's Findings

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 15, 2004, her alleged amended disability date. Tr. 19, Finding 1.

At step two, the ALJ found that plaintiff had the following severe impairments: depression with a history of psychotic

4    - OPINION AND ORDER

1      features (hallucinations); post-traumatic stress disorder (PTSD);

2      borderline intellectual functioning; borderline personality

3      disorder; history of polysubstance abuse in apparent remission;

4      history of pulmonary embolism (March 2004) with anxiety and panic

5      episodes following from concern of recurrence; hypothyroid,

6      treated; obesity; and diabetes mellitus.  Tr. 19, Finding. 2

7      At step three, the ALJ found that plaintiff's impairments

8      did not meet or equal the requirements of a listed impairment.

9      Tr. 19, Finding 3.  In determining plaintiff's residual

10      functional capacity (RFC), the ALJ found that plaintiff was

11      unable to follow complex or detailed instructions; unable to

12      maintain ongoing interaction with the general public beyond

13      occasional or superficial exchanges; unable to tolerate crowded

14      conditions; unable to consistently engage in cooperative

15      teamwork; unable to maintain rapid production pace; and

16      intolerant of unannounced changes in the work setting.  Tr. 20.

17      At step four, the ALJ found that plaintiff was able to

18      perform her past relevant work as a home day care provider and

19      companion.  Tr. 25-26, Finding 5.  Although not required to do

20      so, the ALJ made an alternative step five finding.  The ALJ found

21      that, based on the above residual functional capacity, plaintiff

22      could perform work existing in significant numbers in the

23      national economy; specifically noting the positions identified by

24      the vocational expert (VE): light duty cashier, such as a parking

25      lot cashier, garment sorter; and cafeteria attendant.  Tr. 26-27,

26      Finding 9.

27

28

5     - OPINION AND ORDER

1

2. Plaintiff's Allegations of Error

2

A. Medical Evidence of Record

3

Plaintiff alleges that the ALJ failed to properly consider

4

and address the medical evidence of record.

5

Plaintiff argues that the ALJ improperly evaluated the

6

consultative psychiatric opinion of Dr. Salbador in December

7

2004. Tr. 388-95. Dr. Salbador's prognosis stated, "Appears to

8

be guarded for this individual for having significant improvement

9

in occupational functioning in the near future. Her prognosis

10

for the long run may be somewhat less guarded due to the fact

11

that she hasn't really had the benefit of much in the way of mood

12

stabilizer trials." Tr. 393 (emphasis added). When considering

13

the medical record in its entirety, plaintiff's impairments are

14

not as severe as determined by Dr. Salbador. Tr. 19-26.

15

Plaintiff reported that her pulmonary embolism caused her severe

16

anxiety, however, her treating physicians reassured her of its

17

probable resolution. Tr. 21, 388. Plaintiff suffered a

18

pulmonary embolism in March 2004, although plaintiff was reported

19

to be stable at all times. Tr. 20, 222. Plaintiff's physician

20

started plaintiff on Coumadin and Lovenox and subsequent imaging

21

studies in 2004 indicated the pulmonary embolism was resolved.

22

Tr. 20, 422, 519.

23

The ALJ also noted that plaintiff complained of an

24

inability to remember, concentrate and multi-task, however, she

25

stated that she could do these things prior to her

26

methamphetamine abuse in 1999. Tr. 21, 389. The ALJ noted that

27

plaintiff failed to mention that she had recently relapsed and

28

that in the prior six months, she had abused alcohol,

6    - OPINION AND ORDER

1    methamphetamines, and marijuana. Tr. 21. Further, the ALJ noted
2    that Dr. Salbador's opinion reflected plaintiff's self-reported
3    problems of recent pulmonary embolism, however,    failed to
4    mention her recent drug and alcohol abuse.  Tr. 21, 388-95.   A
5    physician's opinion that is premised on plaintiff's subjective
6    complaints is weighed the same as plaintiff's own testimony.
7    Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).
8    Moreover, as quoted above, despite Dr. Salbador's opinion
9    regarding plaintiff's marked limitations, he also opined that her
10   condition could improve with medication and the record supports
11   exactly that.  Tr. 21, 22-26.  The record as a whole indicates
12   that when plaintiff ceased abusing drugs and alcohol and complied
13   with her individual and group therapy sessions, she improved.
14   Tr. 20-26.

15       Finally, the ALJ noted that Dr. Salbador's checklist
16   assessment was in response to plaintiff's report to him that she
17   was hiding in her room and having psychotic symptoms.  The ALJ
18   found that in light of plaintiff's documented improvement with
19   actual treatment, tr. 20-25, 390, 413, 417, 422-33, 590, 597,
20   605, 642-43, 653, 656, 663, 666; as well as resolution of the
21   symptoms giving rise to plaintiff's perceived level of
22   impairment, tr. 20-25, 413, 417, 422-33, 519; documentation of
23   symptom exaggeration, tr. 24, 711; the impact of plaintiff's
24   noncompliance and drug and alcohol abuse, tr. 20, 326-34, 437-
25   39); and later observations of plaintiff's unimpaired
26   functioning, tr. 20-25, 390, 413, 417, 422-33, 590, 597, 605,
27   642-43, 653, 656, 663, 666; Dr. Salbador's checklist assessment
28   was given little weight.  Tr. 21-26.  See Crane v. Shalala, 76

7   - OPINION AND ORDER

1    F.3d 252, 253 (9th Cir. 1996) (ALJ rejected three psychological

2    evaluations "because they were check -off reports that did not

3    contain any explanation for the bases of their conclusions.").

4    The ALJ here provided sufficient reasons supporting his decision,

5    therefore the court accepts the ALJ's analysis of Dr. Salbador's

6    opinion.

7         The plaintiff also argues that the ALJ erred in

8    discrediting the March 2007 disability opinion of Dr. Eckstein.

9    Again, the ALJ met his burden by setting out a detailed and

10   thorough summary of the facts and conflicting clinical evidence,

11   and made findings in that regard. Tr. 19-26. The medical record

12   as a whole supports the ALJ's finding that plaintiff's

13   impairments were not as severe as determined by Dr. Eckstein.

14   Tr. 19-26. Dr. Eckstein acknowledged the possibility of

15   exaggeration in plaintiff's self reporting. Tr. 23, 711. An

16   opinion based on uncritical acceptance of plaintiff's subjective

17   complaints cannot be accorded significant weight under the Act

18   and may be disregarded. Bayliss v. Commissioner, Social Security

19   Administration, 427 F.3d 1211 (9th Cir. 2005). The ALJ also

20   noted plaintiff's inconsistent reporting to both Drs. Eckstein

21   and Salbador regarding her hallucinations. Tr. 23-24. The ALJ

22   found that plaintiff's statements were not credible as her self-

23   reports were erratic and not corroborated by the Douglas County

24   Mental Health records. Tr. 20-21, 23-24, 431-33, 439, 488, 641-

25   43. Moreover, plaintiff reported recovering from a relapse of

26   addiction to prescription drugs within two weeks of her

27   evaluation. Tr. 24, 708. Also, as noted above, plaintiff

28   reported that her mental symptoms decreased significantly when

8  - OPINION AND ORDER

1    she was in counseling, which is corroborated by the record.  When
2    plaintiff participated in individual and group counseling
3    sessions, her mental symptoms improved significantly so that she
4    ceased attending counseling, and her status was described as
5    "stable" and "doing well" by her therapists as well as by
6    plaintiff herself.  Tr. 24, 639-666, 705-17.  Upon ceasing her
7    counseling sessions, within one month plaintiff relapsed into
8    drug abuse.  The ALJ properly gave the chart notes of her
9    counseling sessions over time greater weight than the one-time
10   evaluation by Dr. Eckstein.  Tr. 24.  Therefore, the ALJ properly
11   evaluated the medical evidence from Dr. Eckstein.

12         B. Plaintiff's Credibility

13         The plaintiff argues that the ALJ erred in finding her
14   testimony and other subjective complaints not entirely credible.
15   Tr. 25.  The ALJ provided clear and convincing reasons for
16   rejecting plaintiff's testimony that she was disabled by her
17   impairment.  In order to reject plaintiff's testimony, the ALJ
18   must make findings "sufficiently specific to permit the reviewing
19   court to conclude that the ALJ did not arbitrarily discredit the
20   claimant's testimony."  Orteza v. Shalala, 50 F.3d 748, 750 (9th
21   Cir. 1995).  Here, reliable evidence supports plaintiff's
22   allegations that she experience some limitations, but does not
23   support plaintiff's' allegations that she is incapable of
24   working.  Tr. 19-26.  If a plaintiff submits medical evidence of
25   an underlying impairment, but testifies that she experiences pain
26   (or other symptom) at a higher level, the Commissioner may
27   disbelieve that testimony.  Nyman v. Heckler, 779 F.2d 528, 531
28   (9th Cir. 1985).  Plaintiff's credibility was undermined by the

9    - OPINION AND ORDER

1  lack of medical evidence to support the severity of limitations

2  she claimed.  The lack of medical evidence combined with other

3  evidence in the record allows the ALJ to draw an adverse

4  inference as to plaintiff's credibility.  Tonapetyan, 242 F.2d at

5  1147-48.  Here, the ALJ judges plaintiff's credibility based on

6  a consideration of the entire record and provided clear and

7  convincing reasons supported by substantial evidence for his

8  determination.  SSR 96-7p.

9                              **CONCLUSION**

10         The Commissioner's decision is based on substantial

11  evidence, and is therefore, affirmed.  This case is dismissed.

12  IT IS SO ORDERED.

13         Dated this _19_ day of September 2010.

14

15

16

17                                          Ann Aiken

18                             United States District Judge

19

20

21

22

23

24

25

26

27

28

10    - OPINION AND ORDER